UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Osprey Sands, LLC,<br><br>                                    Plaintiff,<br>v.<br><br>GCP Fund II, LLC, Steve Hummell<br>and Sheldon Bryan<br><br>                                    Defendants. | CIVIL ACTION NO:<br><br><br><br>**Complaint**<br><br>**(Jury Trial Demanded)** |

NOW COMES Plaintiff, Osprey Sands, LLC, ("Osprey Sands"), for its Complaint against the Defendants GCP Fund II, LLC ("GCP Fund II"), Steve Hummell ("Hummell") and Sheldon Bryan ("Bryan") alleging as follows:

**Parties**

1. Osprey Sands is a limited liability company organized and existing under the laws of the State of North Carolina.

2. GCP Fund II is a limited liability company organized and existing under the laws of the State of Georgia.

3. Hummell is a resident of Cobb County, Georgia, on information and belief.

4. Bryan is a resident of Thomas County, Georgia, on information and belief.

1

**Jurisdiction and Venue**

5.  The Court has original jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because the action is between citizens of different states and the amount in controversy is in excess of $75,000.00, exclusive of costs and interests.

6.  Venue is proper in the Florence Division Division of the United States District Court of the District of South Carolina under 28 U.S.C. §1391, because the matter relates to an escrow agreement containing a venue clause for Chesterfield, South Carolina.

7.  The Court has personal jurisdiction over the Defendants.

**Background**

8.  Osprey Sands and GCP Fund II entered into an Escrow Agreement dated March 30, 2023 (the "Escrow").

9.  Hummell and Bryan are Directors of GCP Fund, II.

10. As part of the Escrow, Hummell and Bryan, on behalf of GCP Fund II, had Osprey Sands deposit $500,000.00, (the "Fund"), into an interest-bearing account at Morgan Stanley Private Wealth Management, 1747 Pennsylvania Ave, NW, 7th Floor, Washington, DC (the, "Morgan Stanley Account").

11. Among other terms, the Escrow states the following:

> The Funds shall be held by Agent in trust for the benefit of Osprey in an *interest bearing account* (currently at 4% annually) at Morgan Stanley in Osprey's name, and Osprey shall be entitled to all interest earned on the Funds. **No Funds shall be disbursed from such account without the express permission of Osprey. Osprey will control the Funds at all times and have online access to view the account. The Funds shall not be pledged or collateralized in any way, and Osprey may withdraw said funds at any time after May 15, 2023, whether the Loan has closed or not.**

12. Osprey Sands has fulfilled its obligations under the terms of the Escrow.

13. In accordance with the terms of the Escrow, Osprey Sands demanded that GCP Fund II, Hummell and Bryan account for the Fund and deliver the Fund to Osprey Sands.

14. Despite demand, GCP Fund II, Hummell and Bryan have failed to account for and deliver the Fund to Osprey Sands.

### For a First Cause of Action
### (Breach of Fiduciary Duty)

15. Osprey Sands incorporates the allegations above as if repeated verbatim.

16. In entering the Escrow, GCP Fund II, Hummell and Bryan assumed a fiduciary duty under South Carolina law.

17. GCP Fund II, Hummell and Bryan have breached their fiduciary duty to Osprey Sands in not providing an accounting for the Fund and not delivering the Fund to Osprey Sands on demand.

18. As a direct and proximate result of the breaches, Osprey Sands has been damaged.

19. Such breaches of fiduciary duties were committed with gross negligence, willful or intentional misconduct to harm Osprey Sands.

20. Osprey Sands prays for judgment against GCP Fund II, Hummell and Bryan for actual, consequential and punitive damages, plus interest.

### For a Second Cause of Action
### (Breach of Contract)

21. Osprey Sands incorporates the allegations above as if repeated verbatim.

22. The Escrow is a binding contract between the parties.

23. GCP Fund II, Hummell and Bryan have breached the contract or have unjustifiably failed to perform the contract.

24. As a direct and proximate result of that breach, Osprey Sands has been damaged.

25. Osprey Sands prays for judgment against GCP Fund II, Hummell and Bryan for actual and consequential damages plus interest.

### For a Third Cause of Action
### (Conversion)

26. Osprey Sands incorporates the allegations above as if repeated verbatim.

27. The Fund is the property of Osprey Sands.

28. In refusing and failing to deliver the Fund to Osprey Sands, GCP Fund II, Bryan and Hummell have assumed, exercised, and detained possession of the Fund on a wrongful, unauthorized and illegal basis.

29. The Fund is held or was to be held in the Morgan Stanley Account and is the property of Osprey Sands only.

30. As a direct and proximate result of GCP Fund II, Hummell and Bryan converting the Fund to their personal use, Osprey Sands has been damaged.

31. Osprey Sands prays for judgment against GCP Fund II, Hummell and Bryan for actual, consequential and punitive damages, plus interest.

### For a Fourth Cause of Action
### (Fraud)

32. Osprey Sands incorporates the allegations above as if repeated verbatim.

33. GCP Fund II, Hummell and Bryan represented that they would escrow the Fund with Morgan Stanley Account and comply with the terms of the Escrow.

34. GCP Fund II's, Hummell's and Bryan's representations were false and materially so.

35. GCP Fund II, Hummell and Bryan knew their representations were false or acted with reckless disregard of the truth or falsity.

36. GCP Fund II, Hummell and Bryan intended their representations be acted upon by Osprey Sands.

37. Osprey Sands was ignorant of the falsity of GCP Fund II's, Hummell's and Bryan's representations.

38. Osprey Sands believed GCP Fund II's, Hummell's and Bryan's representations to be true.

39. Osprey Sands had a right to rely thereon.

40. As a direct and proximate result of GCP Fund II's, Hummell's and Bryan's intentional misrepresentations, Osprey Sands has been damaged.

41. Osprey Sands prays for judgment against GCP Fund II, Hummell and Bryan for actual, consequential and punitive damages, plus interest.

### For a Fifth Cause of Action
### (Civil Conspiracy)

42. Osprey Sands incorporates the allegations above as if repeated verbatim.

43. GCP Fund II, Hummell and Bryan joined together in a conspiracy to injure Osprey Sands.

44. As a result of the conspiracy, Osprey Sands has suffered special damages.

45. Osprey Sands prays for judgment against GCP Fund II, Hummell and Bryan for actual, consequential and punitive damages, plus interest.

### For a Sixth Cause of Action
### (Accounting)

46. Osprey Sands incorporates the allegations above as if repeated verbatim.

47. As fiduciaries, GCP Fund II, Hummell and Bryan are required to provide an

accounting of the Fund.

48.     GCP Fund II, Hummell and Bryan have failed and refused to provide an accounting to Osprey Sands.

49.     Osprey Sands prays that the Court require GCP Fund II, Hummell and Bryan to provide an accounting of the Fund and for such other relief prayed for herein.

## For a Seventh Cause of Action
### (Unfair Trade Practices)

50.     Osprey Sands incorporates the allegations above as if repeated verbatim.

51.     GCP Fund II, Hummell and Bryan are persons within the meaning of S.C. Code Ann. § 39-5-10 *et seq*. (South Carolina Unfair Trade Practices Act) (the "Act").

52.     GCP Fund II, Hummell and Bryan entered the Escrow and, therefore, engaged in trade or commerce as defined by the Act.

53.     GCP Fund II, Hummell's and Bryan's above-described actions, and other acts to be shown through the course of discovery and at trial, constitute unfair and deceptive practices within the meaning of the Act.

54.     GCP Fund II, Hummel's and Bryan's conduct is capable of repetition and, upon information and belief, is harmful to the public.

55.     GCP Fund II, Hummell's and Bryan's conduct adversely affects the public interest.

56.     As a direct, foreseeable, and proximate result of GCP Fund II, Hummell's and Bryan's unfair and deceptive practices, have been damaged, and Osprey is entitled to a judgment against GCP Fund II, Hummell and Bryan in an amount to be proven at trial.

57.     The unfair or deceptive methods, act or practices were a willful or knowing violation of the Act, and therefore, Osprey Sand should be entitled to three times its actual damages. In addition, Osprey Sands request an award of reasonable attorney's fees and costs.

**WHEREFORE**, Osprey Sands prays for the following relief against GCP Fund II, Hummell and Bryan:

1. That the Court enter judgment against GCP Fund II, Hummell and Bryan for actual, consequential, treble and punitive damages.

2. For the Court to award interest in accordance with the Escrow, as interest on an account, or prejudgment interest in accordance with South Carolina law.

3. For the Court to award reasonable attorney's fees to Osprey Sands;

4. That the costs of this action be taxed against GCP Fund II, Hummell and Bryan;

5. For a trial by jury on all issues so triable; and

6. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*s/ John L. McCants*
John L. McCants (Fed I.D. #4870)
Rogers Lewis Jackson & Mann, LLC
P.O. Box 11803 (29211)
1901 Main Street, Suite 1200
Columbia, SC 29201
Direct Dial 803- 978-2834
Fax: 803-252-3653
jmccants@rogerslewis.com
Attorney for Osprey Sands, LLC

January 10, 2024